IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

FILED
FEB 1 0 2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

OCTAVIO COVARRUBIAS,

    Plaintiff

v.

WENDY'S PROPERTIES, LLC
(Wendy's").

    Defendant.

CASE NO. 1:19-cv-4866

Judge Jeffrey T Gilbert

### Plaintiff's Writing Response to Defendant's Report-Proposal to Complete Discovery

Now comes Plaintiff, Octavio Covarrubias, Pro Se, who submits this Writing Response to Defendant's Report-Proposal to Complete Discovery as per order of the Magistrate Judge Jeffrey Gilbert.

1- Plaintiff and Defendant conferenced in person immediately after the January 16, 2020 hearing with Judge Jeffrey Gilbert in Judge Gilbert Court office where both parties discussed delayed information, especially from the Defendant's, who alleged that he cannot provide some specific information that Plaintiff request; information that is vital to the complete Mandatory Discover Project.

2- Plaintiff, in his pro se complaint, claims that on February 1 2018, he was lawfully on the promises of Wendy's at 5147 W Cermak Road, Illinois, 60804, as a customer. Chenoul Williams, Rodney Gaston, and approximately six (6) employees of Wendy's Restaurant at this time, unlawfully assaulted and battery with discriminatory actions.

3- On this date, Octavio Covarrubias entered Wendy's Restaurant's facility before 10:00 P.M., which was open. However, he stated the cash registers were closed as Wendy's staff were in the process of closing these register machines. Because there were customers in the restaurant, He went to the bathroom. Shortly thereafter, a Crew Member (Non-Mexico, not Hispanic), entered the restroom and told him, "You need to get out now", so He told this person "Ok, may you wait a second? "Let me using the urinal?", "I will urine faster", but this person left. Then, approximately fifteen (15) seconds later, Chenault Williams (Non-Mexico, not Hispanic) entered with Rodney Gaston (non-Mexico, non-Hispanic) Crew Member, but Chenault Williams grabbed Covarrubias by his penis, and pulled him towards the door all while my pants were still down. He stated that Williams was saying "fuera frijolero". He stated that he got urine on himself as result of Williams' action.

4- Upon exiting Wendy's Restaurant's restroom, there were approximately six (6) other employees present that were all laughing at him. These employees with other person who was not wearing work uniform were making comments such "get out', "fuck you", and

"motherfucker" etc. Some of them pushed him with intimidation and aggressiveness.

5- He stated that he approached the counter and spoke with Taywana Rich (non-Mexico, non-Hispanic), Restaurant Manager, the manager on duty. The group of employees stood around him in an intimidating manner. He told Taywana Rich that the employees were insulting him and he was grabbed by his penis. Rich denied that anything wrong had happened and told him that he need to leave. Then, he requested the phone number for the General Manager, but she gave her personal number instead. One of the employees whom was around him grabbed and told him to get out. He was afraid and so he left (By 10: 19 pm approximately). In the meantime, the employees were laughing at him and harass and insulting Covarrubias.

6- Previously, Wendy's Restaurant's Jim Schover District Manager and Linsey Ohlman Legal Counsel-Employment and Litigation for Wendy 's International, LLC. had admitted that there was an incident that occurred with Covarrubias that Cameras watched. However, Wendy's has denied access to the videos of 9 cameras that Wendy's Restaurant has distributed strategically throughout this Restaurant form than 3 years.

## Mandatory Discovery Project to be Completed

7- It is anticipated that Plaintiff will provide requested additional information that help to complete the Discovery Project. However, Plaintiff will insist with Defendant about his delayed information such as videos, voice records, and official documents related with involved workers who played an important role in this incident.

8- Defendant has provided a minimal information that cannot be considered substantial to a Mandatory Initial Project. He has provided some addresses, incomplete requested information, and just the video of one camera that does not have a significant relation in time and place with the incident.

9- Unfortunately, Defendant has said that Wendy's does not have any additional information and videos that show this incident in time and date; although they accepted that they saw some videos, and they admitted with Human Rights Commission that one incident occurred when this case was starting.

10- It is important to emphasize that Human Rights Commission stated that it cannot enforce a legal demand because its maximum responsibility or role in this kind of case is a conciliation or mediation, so it cannot play the role that a Federal Court has.

11- However, in Human Rights Commission, Defendant provided enough information to support that this incident occurred, so this information justifies a deeper investigation and extension of the period to complete an extensive a Mandatory Discovery Project.

12- Therefore, depending on any additional information that can be provided by Defendant, it is anticipated that Plaintiff will issue subpoenas for disposition of any current and former Wendy's involved employees and voice records, and official documents related with the workers who played an important role in this incident.

13- Because of the delayed of information of personal files for at least 7 workers, Plaintiff, in fact, finds problems to serve these current and former employees. In addition, Plaintiff has found difficulties to get videos, so it is anticipated that Plaintiff will ask motions to get the videos of 9 cameras and extensive requested information.

14- "Wendy's Defendant believes that it would be prudent to extend the fact discovery deadline to April 30, 2020" to complete the discovery. However, because Wendy's has delayed vital and important information for this Discovery Project, **Plaintiff asks to extent the Mandatory Discover Project deadline to May 15, 2020,** instead of March 31, 2020 and April 30, 2020.

Octavio Covarrubias
5627 North Karlov Ave.
Chicago, IL 60646
ocovarrubias1973@gmail.com

I hereby certify that on February 10, 2020, I filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, Plaintiff's Writing Response to Defendant's Report-Proposal to Complete Discovery.

I hereby certify that I have mailed by United States Postal Service the Plaintiff's Writing Response to Defendant's Report-Proposal to Complete Discovery on February 10, 2019

/ / **Octavio Covarrubias**