IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCTAVIO COVARRUBIAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>WENDY'S PROPERTIES, LLC.<br><br>　　　　Defendant. | No. 19 C 4866<br><br>Jeffrey T. Gilbert<br>United States Magistrate Judge |

## ORDER

Presently before the Court are two motions to compel filed by Defendant Wendy's Restaurant ("Defendant"). [ECF Nos. 128, 131]. Both motions are denied for the reasons stated in this Order.

Motion to Compel Plaintiff to Execute Authorizations to Obtain State and Federal Tax Returns. [ECF No. 128]. Defendant took Plaintiff's deposition on September 10, 2021. [ECF No. 128], at 1. Defendant's Notice of Deposition [ECF No. 118-1] asked that Plaintiff bring to his deposition his federal and state tax returns from 2017 to the present.[1] Plaintiff did not bring any tax returns to his deposition. During the deposition, Defendant asked Plaintiff to execute written authorizations to allow Defendant to obtain any federal or state tax returns he filed from 2017 to the present. [ECF No. 128-1], at 135-137. Plaintiff refused to execute the authorizations but said he would sign them if the Court ordered him to do so. *Id.* Plaintiff also testified that he did not remember whether he filed tax returns for any income he earned in 2020. Plaintiff's Deposition [ECF No. 128-1], at 37-39.

The Court will not compel Plaintiff to sign authorizations to allow Defendant to obtain his tax returns from state or federal authorities. That does not mean that Plaintiff's income from 2017 to the present is not relevant to a claim or defense in this case. It is very relevant to Plaintiff's claims and proportional to the needs of this case, which is why Defendant is trying to discover that information. Fed.R.Civ.P. 26(b)(1).

---

[1] Federal Rule of Civil Procedure 30(b)(2) allows a party to request that a party deponent produce documents at his deposition if the notice of deposition is accompanied by a Rule 34 request for production of documents. The Court interprets Defendant's notice of deposition to Plaintiff here to include a request for production of documents within the meaning of Rule 30(b)(2) and Rule 34.

Plaintiff's income from 2017 to the present at the very least is relevant to his claim that he lost income because of the incident that he alleges occurred on February 1, 2018, at a Wendy's restaurant in Cicero, Illinois, that forms the basis for his complaint in this case. Defendant is entitled to compare the income, if any, Plaintiff earned before the incident at Wendy's and afterwards to test his claim that he was prevented from working or his income decreased because of the injuries he says he suffered at Wendy's. *See* Jackson v. N'Genuity Enterprises Co., No. 09 C 6010, 2010 WL 4928912, at *2 (N.D. Ill. Nov. 29, 2010) ("It has long been beyond debate that income tax returns are not privileged or otherwise immune from discovery.").

If Plaintiff filed tax returns from 2017 to the present and he does not have copies of those returns, then he presumably can obtain copies from whomever prepared them or from the state and federal tax authorities. Any tax returns Plaintiff filed therefore are within his "possession, custody, or control" within the meaning of Federal Rule of Civil Procedure 34(a)(1). If the tax returns exist and Plaintiff refuses to produce them, then he can be barred at trial from introducing evidence of his claimed loss of income because he is preventing Defendant from obtaining discoverable information that he is obligated to produce which, in turn, prejudices Defendant in its defense of this case. Fed.R.Civ.P. 37(b)(2); (b)(2)(A); (c)(1). If Plaintiff did not file tax returns for 2017 or any of the following years, then that fact also is relevant to Plaintiff's claim for lost wages or income and Plaintiff's failure to provide that information to Defendant can lead to similar sanctions.

So, Plaintiff has a choice. He either can produce relevant information Defendant properly has requested under the Federal Rules of Civil Procedure, or risk being barred from seeking to recover the lost wages he claims as damages at trial or even risk dismissal of his lawsuit. "Failure to comply with discovery obligations, whether contained in the Federal Rules of Civil Procedure or in specific court orders, is subject to a range of sanctions, including prohibiting the disobedient party from supporting designated claims or introducing designated matters into evidence and dismissal of the disobedient party's action." *See* Kramer v. Am. Bank & Tr. Co., N.A., No. 11 C 8758, 2015 WL 13735745, at *2 (N.D. Ill. Aug. 17, 2015), report and recommendation adopted, No. 11 C 8758, 2016 WL 1238172 (N.D. Ill. Mar. 30, 2016), *citing* Fed.R.Civ.P. 37(b)(2); (b)(2)(A); (c)(1); *In re Petition of Boehringer Ingelheim Pharmaceuticals, Inc.*, 745 F.3d 216, 226 (7th Cir. 2014); *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011).

The information Defendant has asked Plaintiff to produce is readily available to him if he is a taxpayer. Based on the Court's own review of available sources, it appears that Plaintiff can obtain a tax transcript from the Internal Revenue Service (IRS") that will contain his adjusted gross income for prior tax years for free or he can obtain copies of any previously filed tax returns for a fee by submitting a Form 4506 to the IRS. *See* [https://www.irs.gov/newsroom/heres-how-people-can-request-a-copy-of-their-previous-tax-return](https://www.irs.gov/newsroom/heres-how-people-can-request-a-copy-of-their-previous-tax-return) *(last visited 10/25/21).* The State of Illinois has a

similar process a taxpayer can follow to obtain his Illinois tax return. *See* https://www2.illinois.gov/rev/forms/misc/Documents/ReturnCopy/IL-4506.pdf (last visited 10/25/21). If Plaintiff does not want to pay the fee to obtain copies of his tax returns, it seems that Defendant may be willing to pay the fee if Plaintiff authorizes it to obtain those returns on his behalf given Defendant's request at Plaintiff's deposition that he sign the appropriate authorization forms. But a free tax transcript from the IRS also might suffice. It may take some time to obtain this information from the IRS and from the State of Illinois, but the first step to obtaining the information is requesting it.

In the Court's view, therefore, the remedy here is for Plaintiff to obtain and produce evidence that Defendant properly is seeking or to show that evidence does not exist. The remedy is not for the Court to compel Plaintiff to physically sign the written authorizations Defendant placed in front of him at his deposition which is the only relief Defendant seeks in its Motion to Compel. Plaintiff has the obligation and ability to obtain and produce the information Defendant is seeking. It even appears that Defendant is willing to help him do so. If Plaintiff refuses to produce the information Defendant properly has asked him to produce, then presumably Defendant will ask that Plaintiff be barred from claiming or introducing evidence of lost wages at trial. Plaintiff can avoid that result by producing the information Defendant properly has requested or establishing that it does not exist.

Accordingly, for these reasons, Defendant's Motion to Compel Plaintiff to Execute Authorizations to Obtain State and Federal Tax Returns [ECF No. 128] is denied.

Defendant's Motion to Compel Plaintiff's Discovery Responses [ECF No. 131]. During Plaintiff's deposition on September 10, 2021, Defendant's counsel asked him about any injury to his back he suffered or treatment he received for his back prior to the February 1, 2018, incident at Wendy's that gave rise to Plaintiff's lawsuit. Wendy's argues that Plaintiff did not answer those questions. Therefore, Wendy's asks the Court to compel Plaintiff to provide written disclosure of all medical providers that treated him for his back prior to February 1, 2018, and to sit for a reconvened deposition at which Defendant can ask him more about prior back injuries and the cause of and treatment for those injuries.

Defendant's request that the Court compel Plaintiff to provide written disclosures of all medical providers who treated him for back pain before 2018 is denied. As a threshold matter, Defendant did not ask for such written disclosure during discovery in this case. The Court has reviewed Defendant's First Set of Interrogatories to Plaintiff filed on the docket in connection with an earlier discovery dispute. [ECF No. 131-1]. Those interrogatories did not ask Plaintiff to disclose any injury to his back or related medical treatment prior to February 1, 2018. If Defendant served another set of interrogatories on Plaintiff, those discovery requests

have not been referenced to the Court. Therefore, there is no basis for the Court to compel Plaintiff to make the written disclosures Defendant now is seeking.[2]

Moreover, the Court also has reviewed Plaintiff's deposition transcript submitted by Defendant with its Motion to Compel [ECF No. 128-1]. In answer to Defendant's counsel's questions about a preexisting back injury and treatment, Plaintiff testified that he injured his back carrying boxes sometime prior to February 2018. Plaintiff's Deposition [ECF No. 128-1], at 48. Plaintiff also testified that he received treatment for his back injury at Cook County Hospital before February 2018 and that he may have been treated by another doctor or evaluated at a clinic for his back, but he could not remember the name of the clinic or doctor. *Id.* at 51-54. Plaintiff said his lower back pain started before 2018 but he did not say precisely when it started, and he refused to testify for some reason about anything related to his work before 2017. *Id.* at 49-50, 52, 61. He testified, however, that he was treated at Cook County Hospital for a back injury before February 2018, that he received physical therapy at that Hospital, and that his pain decreased a little as a result. *Id.* at 52-53. Plaintiff also testified repeatedly that he did not remember the names of any doctors he saw for his back injury despite being asked to identify treaters multiple times. *Id.* at 51-54. The Court does not see the point of requiring Plaintiff to put in writing information that he has testified under oath he does not know.

On this record, the Court also will not order that Plaintiff return for more questions at a reconvened deposition. It is not at all clear that Plaintiff has any more information to provide about his preexisting back injury despite the line he drew about not testifying concerning his work before 2017. He clearly testified that he injured his back before February 1, 2018, while carrying boxes. While drawing a line at February 1, 2017, does not appear to be a reasonable, it also is not clear that Defendant was deprived of relevant information because Plaintiff drew that line.

As relevant to Plaintiff's claim that he injured his back as a result of Wendy's employees' conduct in February 2018, Wendy's knows that Plaintiff had a preexisting back injury and it knows that Plaintiff says he received treatment for that injury at

---

[2] Defendant's notice of deposition to Plaintiff included a request that Plaintiff bring to his deposition "any and all records in your possession or control as to treatment for any medical condition of any kind, including but not limited to emotional health, mental health, and physical health, from February 1, 2017." [ECF No. 118-1]. Plaintiff did bring to his deposition some records that he could find but he said there might be others. Plaintiff's Deposition [ECF No. 128-1], at 71. If other records exist going back to February 1, 2017, they could contain the names of medical treaters Plaintiff saw for his preexisting back injury. But Defendant is not asking the Court to compel Plaintiff to produce additional medical records with its Motion to Compel [ECF No. 131]. It only is asking the Court to compel Plaintiff to write down the names of all the medical treaters he saw for his back for an unlimited time period prior to February 1, 2018. The Court notes that is a longer period of time than is covered by the request for production that accompanied Defendant's notice of deposition which went back only to February 1, 2017.

Cook County Hospital before February 1, 2018. Defendant had that information at least as of the date of Plaintiff's deposition on September 10, 2021. If Defendant wanted to follow up on that information, such as with a subpoena, it could have done so (and may have done so as far as the Court knows) before the scheduled close of fact discovery. The Court does not perceive that the benefit of requiring Plaintiff to sit for a reconvened deposition so that Defendant can ask him more questions about his preexisting back injury outweighs the burden on Plaintiff of doing so. Fed.R.Civ.P. 26(b)(1). Given that determination, the Court does not need to address Defendant's additional requests that the Court require Plaintiff to testify in English rather than Spanish at a reconvened deposition or that Plaintiff be assessed the fees for an interpreter or for a court reporter.

Accordingly, for these reasons, Defendant's Motion to Compel Plaintiff's Discovery Responses [ECF No. 131].

It is so ordered.

_____
Jeffery T. Gilbert
United States Magistrate Judge

Dated: October 26, 2021